CAROLINE R. DJANG, Bar No. 216313
caroline.djang@bbklaw.com
CATHY TA, Bar No. 261880
cathy.ta@bbklaw.com
BEST BEST & KRIEGER LLP
3390 University Avenue, 5th Floor
P.O. Box 1028
Riverside, CA  92502
Telephone:  (951) 686-1450
Facsimile:  (951) 686-3083

Attorneys for Plaintiff Timothy C. Hoiles, an
individual

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SECTOR111, LLC, a Delaware Limited Liability Company<br><br>                     Debtor. | Case No.  6:16-bk-19532-WJ<br><br>Chapter:  7 |
| TIMOTHY C. HOILES, an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>KARL T. ANDERSON, Chapter 7 Trustee for the Bankruptcy Estate of Sector111, LLC; DAVID NORDEEN, an individual; RICHARD NORDEEN, an individual; INOKINETIC GROUP, LLC, a Nevada limited liability company; and FORUM CAPITAL LLC, a Nevada limited liability company,<br><br>              Defendants. | Adv. No.  _____<br><br>COMPLAINT FOR:<br>(1)    Breach of Contract<br>(2)    Turnover<br>(3)    Conversion |

1   Plaintiff Timothy C. Hoiles, an individual, hereby alleges and avers as his complaint

2   ("Complaint") against Defendants KARL T. ANDERSON, the Chapter 7 Trustee for the

3   Bankruptcy Estate of Sector111, LLC; DAVID NORDEEN, an individual; RICHARD

4   NORDEEN, an individual; INOKINETIC GROUP, LLC, a Nevada limited liability company;

5   and FORUM CAPITAL LLC, a Nevada limited liability company, as follows:

6   **I.**

7   **JURISDICTION AND VENUE**

8   1.      This action is brought pursuant to, and under, Federal Rule of Bankruptcy

9   Procedure 7001 to seek monetary and equitable relief.

10   2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

11   §§ 157(a), 157(b)(1) and 1334 and pursuant to General Order No. 13-05 dated July 1, 2013,

12   referring all Title 11 cases and proceedings in the District to the bankruptcy judges for the

13   District.

14   3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as this

15   adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11

16   which is pending in this District.

17   **II.**

18   **PARTIES**

19   4.      Plaintiff Timothy C. Hoiles, an individual, is a resident of Colorado Springs,

20   Colorado.

21   5.      Defendant Karl T Anderson was appointed, became and as of the date of the filing

22   of this Complaint, is the duly acting and qualified Chapter 7 Trustee (the "Trustee") for the

23   Bankruptcy Estate of Sector111, LLC.  Sector111, LLC ("Sector111") is a Delaware limited

24   liability company.  Sector111 filed a voluntary petition for Chapter 11 relief in the Riverside

25   Division of the United States Bankruptcy Court for the District on October 27, 2016, initiating

26   bankruptcy case number 6:16-bk-19532-WJ and creating the Bankruptcy Estate of Sector111.  On

27   January 26, 2017, Sector111's bankruptcy case was converted to one under Chapter 7.

28   6.      Defendant David Nordeen is an individual residing in 785 Newell Road, Palo Alto,

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

California 94303-2850.

7.    Defendant Richard Nordeen an individual residing in 20857 Fuente Drive, Walnut, California 91789-2004.

8.    Defendant InoKinetic Group, LLC is a Nevada limited liability company doing business in the State of California.

9.    Defendant Forum Capital LLC is a Nevada limited liability company doing business in the State of California.

**III.**

**GENERAL ALLEGATIONS**

10.    On information and belief, Sector111 was a premium automobile service and supplier in the niche market of ultra-lightweight performance sports cars and at all times relevant in this Complaint, conducted business in the County of Riverside, California.

11.    On information and belief, Sector111 began in 2013 developing the blueprints for the Drakan Spyder ("Spyder"), a new high-performance sports car aimed at enthusiasts who wanted a pure driving experience free of technological aids.  Sector111 marketed the Spyder's specs to potential customers, stating in its brochures the car weighed less than 2,000 pounds and could go from 0 – 60 mph in 3.2 seconds.  Buyers could purchase the car fully-loaded and ready to drive (or "turnkey") or they could buy the "rolling chassis," where the car comes complete except for the powertrain.  The turnkey option cost buyers $100,000, while the "rolling chassis" option cost $80,000.  Sector111 accepted orders for the Spyder in 2014, with expected delivery in 2015.  Sector111 planned to build and sell between five and ten Spyders in 2015.

12.    On November 20, 2014, Plaintiff entered into a contract (the "Sale Contract") with Sector111 to purchase the "rolling chassis" Spyder, customized with a paddle-shift sequential gearbox (the "Property").  This technology had not yet been developed for the Spyder, but Sector111 ensured him it could be done.  The final purchase price came out to approximately $130,000.

13.    Over the course of the next two years, Plaintiff fully performed his obligations under the Sale Contract by making all payments on the purchase price, which was paid in full in

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

1    or about June 2016.  *See* Proof of Claim 9-1.

2        14.    On information and belief, Sector111 made and built the Property according to the

3    Sale Contract and the Property became ready for shipment.  However, Sector111 failed to deliver

4    the Property to Plaintiff.

5        15.    On information and belief, the Property was in the possession of Sector111 as of

6    the date of its bankruptcy filing and as of the date of conversion of its bankruptcy case to Chapter

7    7.

8        16.    Despite that Plaintiff had paid in full for the Property pursuant to the Sale

9    Contract, the Trustee claimed an interest in the Property.

10        17.    The Trustee and Plaintiff settled their disputes regarding the Property in a

11    Settlement Agreement (the "Settlement Agreement").  On February 28, 2018, the Trustee filed a

12    Rule 9019 Motion to Approve Compromise [Doc. 76].  Attached as exhibit A is a copy of the

13    Motion to Approve Compromise.

14        18.    The Motion to Approve Compromise was granted by the Court [Doc. 79].

15    Attached as Exhibit B is a copy of the Order Approving the Motion to Approve Compromise.

16        19.    The Settlement Agreement provides that Plaintiff shall pay the Trustee $15,000 in

17    exchange for the Trustee's turnover of the Property to Plaintiff.

18        20.    Pursuant to the Settlement Agreement, Plaintiff has attempted to inspect and take

19    possession of the Property.  However, the whereabouts of the Property are currently unknown to

20    Plaintiff.

21        21.    The Trustee has failed to perform under the Settlement Agreement by, among

22    other things, failing to produce the Property for Plaintiff's inspection and failing to turnover

23    possession of the Property to Plaintiff.

24        22.    On or about April 19, 2018, attorney Ashley Wedding of Fabozzi & Miller, APC

25    contacted Plaintiff's counsel.  Ms. Wedding's firm represents the former landlord, Forum Capital,

26    LLC ("Forum"), of the Debtor.  Forum's counsel informed Plaintiff's counsel that on April 10,

27    2017, the Trustee filed a stipulation (the "Stipulation") with Forum for relief from the automatic

28    stay in order to obtain possession of the premises occupied by Sector111, located at 26661 Pierce

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

Cir., Murietta, California (the "Premises") [Doc. 66]. Attached as Exhibit C is a copy of the Stipulation.

23.     On April 10, 2017, the Court entered an order regarding the Stipulation [Doc. 69], but notably removed many of the terms from the Stipulation, such as references to personal property and fixtures left on the Premises (the "Order Regarding the Stipulation"). Attached as Exhibit D is a copy of the Order Regarding the Stipulation.

24.     After taking possession of the Premises, on or about May 8, 2017, Forum gave notice to the Trustee to remove Sector111's personal property from the Premises, including the Property, which remained at the Premises (the "Notice"). Attached as Exhibit E is a copy of the Notice from Forum to the Trustee, his counsel, and Sector111's counsel to remove the personal property left on the Premises, including a "Partially built Drakan" (*i.e.* the Property).

25.     On information and belief, the Trustee did not remove the personal property, and Forum sold to Defendants InoKinetic Group, LLC ("InoKinetic"), David Nordeen ("David") and/or Richard Nordeen ("Richard") (individually and collectively the "Buyer") the personal property at a lien sale to satisfy back rent claims.

26.     On or about April 24, 2018, Forum's counsel advised Plaintiff's counsel that the Buyer had sold some of the parts from the Property, but that the Buyer may be able to "re-acquire" the now missing sold parts.

27.     Richard is the President, CEO and Agent for Service of Process for InoKinetic, according to InoKinetic's Statement of Information filed with the California Secretary of State, a copy of which is attached as Exhibit F.

28.     Richard also signed the Stipulation on behalf of Forum. *See* Exhibit C.

29.     On or about April 19, 2018, Defendant received a mail solicitation from InoKinetic, which lists InoKinetic's address as the Premises. That solicitation features a photograph of what appears to be the Property. A copy of the InoKinetic solicitation is attached as Exhibit G.

30.     On information and belief, Forum, InoKinetic, David and/or Richard are affiliated or otherwise related.

30855.00001\31146437.3                                                    COMPLAINT

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

31.     On information and belief, the Trustee's counsel requested documentation regarding the Sale.

32.     According to the Sale documentation that Forum's counsel provided to Plaintiff's counsel, Forum's counsel contacted the Trustee's counsel repeatedly during the months of April and May 2017 about removing the personal property left on the Premises.  *See* Exhibit H.

33.     On or about June 16, 2017, Forum sent a check to the Trustee in the amount of $1,844.60, presumably representing net proceeds from Sale.  A copy of the check from Forum to the Trustee and the enclosure letter are attached as Exhibit I.

34.     Thus, despite the Trustee's knowledge that Forum had conducted a Sale of personal property left on the Premises, the Trustee entered into the Settlement Agreement with Plaintiff several months later, wherein the Trustee agreed to turn over the Property to Plaintiff in exchange for $15,000, even though the Property had  been sold already by the time the Trustee entered into the Settlement Agreement with Plaintiff.

35.     On or about May 3, 2018, Forum's counsel sent correspondence to Plaintiff's counsel on behalf of InoKinetic, despite claiming that her office does not represent InoKinetic.  In her letter, Forum's counsel offers to "re-acquire" the Property from the Buyer and re-sell it to Plaintiff – for which he already paid $130,000 – for an additional cost of $30,000–50,000, for a "fully assembled vehicle."  The range in pricing depends on "the costs to acquire the components and their condition."

36.     Plaintiff rejected InoKinetic's May 3, 2018 offer.

## IV.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against the Trustee)

37.     Plaintiff re-alleges and incorporates herein by this reference each and every allegation stated in paragraphs 1 through and including 36 of this Complaint.

38.     Plaintiff and the Trustee entered into a valid, binding contract, which was approved by the Court, *i.e.* the Settlement Agreement.

39.     The Trustee has breached the Settlement Agreement by failing to produce the

1  Property for inspection by Plaintiff.

2      40.      Unless and until the Trustee produces the Property for inspection, Plaintiff's

3  performance of the Settlement Agreement is excused, pursuant to Section 2.2 of the Settlement

4  Agreement.

5      41.      Plaintiff seeks a judgment for specific performance on the Settlement Agreement,

6  as follows: (i) the Trustee shall produce the Property for Plaintiff's inspection; (ii) following

7  Plaintiff's inspection of the Property, and provided that the Property is in a condition acceptable

8  to the Plaintiff, Plaintiff shall pay $15,000 to the Trustee pursuant to the Settlement Agreement;

9  and (iii) the Trustee shall deliver and turn over the Property to Plaintiff.  Monetary damages are

10  not sufficient because the Property is a unique vehicle.  Sector111 planned on making fewer than

11  ten Spyders in 2015 before it filed its bankruptcy petition in 2016.  The Property is a particular

12  Spyder, custom-designed for modification with a paddle-shift sequential gearbox.  There is no

13  comparable car on the market.

14                              **V.**

15                    **SECOND CLAIM FOR RELIEF**

16              **(Turnover – Against All Defendants)**

17      42.      Plaintiff re-alleges and incorporates herein by this reference each and every

18  allegation stated in paragraphs 1 through and including 41 of this Complaint.

19      43.      At present, Plaintiff does not know the whereabouts of the Property or who

20  currently has possession of the Property.

21      44.      Plaintiff seeks a permanent injunction ordering Defendants, jointly and severally,

22  to turn over the Property to Plaintiff.

23      45.      The public interest would be unaffected by the issuance of the injunction.

24      46.      Turnover of the Property to Plaintiff is the only adequate remedy.

25                              **VI.**

26                    **THIRD CLAIM FOR RELIEF**

27      **(Conversion – Against InoKinetic, Forum, David Nordeen and Richard Nordeen)**

28      47.      Plaintiff re-alleges and incorporates herein by this reference each and every

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

- 6 -

allegation stated in paragraphs 1 through and including 46 of this Complaint.

48.    At all times mentioned herein, Plaintiff was and is the owner of entitled to the Property.

49.    Plaintiff is informed and believes that Forum, InoKinetic, David and Richard took or otherwise disposed of the Property to their own gain and personal benefit to the detriment of Plaintiff.  Due to these acts of conversion, Plaintiff sustained financial losses of an amount according to proof of not less than $200,000.

50.    Plaintiff is informed and believes and thereon alleges that the conversion of Plaintiff's Property was malicious and willful, and such acts are deserving of an assessment of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    On the First Claim for Relief, a judgment for specific performance on the Settlement Agreement, specifically for the Trustee to deliver and turn over the Property to Plaintiff;

2.    On the Second Claim for Relief, a permanent injunction ordering Defendants to turn over the Property to Plaintiff;

3.    On the Third Claim for Relief, a judgment against Defendants Forum, InoKinetic, David and Richard in an amount according to proof of not less than $200,000, plus punitive damages;

4.    For attorney fees and costs to the extent available under law and all other legal and/or equitable relief the Court deems just and proper.

Dated: June 18, 2018                          BEST BEST & KRIEGER LLP


By: /s/ Caroline R. Djang
    CAROLINE R. DJANG
    CATHY TA
    Attorneys for Plaintiff
    Timothy Hoiles

30855.00001\31146437.3                                                        COMPLAINT

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

# EXHIBIT A

1   Thomas J. Polis, Esq. - SBN 119326
    **POLIS & ASSOCIATES**
2   **A PROFESSIONAL LAW CORPORATION**
    19800 MacArthur Boulevard, Suite 1000
3   Irvine, California 92612-2433
    Telephone: (949) 862-0040
4   Facsimile: (949) 862-0041
    E-Mail: tom@polis-law.com
5
    General Counsel for Karl T. Anderson,
6   Chapter 7 Trustee

7                   **UNITED STATES BANKRUPTCY COURT**

8           **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

9

10  **In re**                                ) **Case No. 6:16-bk-19532-WJ**
                                             )
11  **Sector111 LLC, a Delaware limited**    ) **Chapter 7**
    **liability company, aka Kappasphere,**  )
12  **a division of Section 111, LLC,**      ) **CHAPTER 7 TRUSTEE'S MOTION FOR**
                                             ) **ORDER AUTHORIZING TRUSTEE'S**
13                              **Debtor.**  ) **COMPROMISE AND SETTLEMENT**
                                             ) **PURSUANT TO RULE 9019 OF THE FEDERAL**
14                                           ) **RULES OF BANKRUPTCY PROCEDURE;**
                                             ) **DECLARATION OF CHAPTER 7 TRUSTEE IN**
15                                           ) **SUPPORT THEREOF**
                                             )
16                                           )      **[No Hearing Scheduled Pursuant to**
                                             )           **Bankruptcy Rule 9013]**
17  _____ )

18          **TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY**

19  **JUDGE; THE RIVERSIDE OFFICE OF THE UNITED STATES TRUSTEE; SECTOR111, LLC**

20  **AND ITS COUNSEL OF RECORD; AND OTHER PARTIES ENTITLED TO NOTICE:**

21          Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee ("Trustee") of the

22  bankruptcy estate of *In re Sector111, LLC*, Case No. 6:16-bk-19532-WJ ("Debtor") brings this

23  *Motion for Order Authorizing Trustee's Settlement Agreement Pursuant to Rule 9019 of the*

24  *Federal Rules of Bankruptcy Procedure* ("*Motion to Authorize Settlement Agreement*").

25          The Trustee believes that the proposed settlement between the Debtor's estate, the

26  Trustee, and Timothy C. Hoiles Trust of 1995, Timothy C. Hoiles, Trustee ("Hoiles"), as noted

27  herein, is in the best interest of the Debtor's bankruptcy estate, and its creditors will avoid costly

28  litigation and allow for the most efficient and expeditious manner to settle the Trustee's claims

1    related to the February 2018 Settlement Agreement.  Specifically, as provided herein the

2    Trustee and Hoiles have agreed to settle the matter whereby Hoiles shall pay the Trustee

3    $15,000, (Fifteen Thousand Dollars) on or before 15 (fifteen) calendar days after entry of a final

4    order by this Court.  A true and correct copy of the Settlement Agreement is attached hereto

5    as Exhibit "A".  Note: In the event any discrepancy between the general description of the

6    *Settlement Motion* and the Notice of Settlement concurrently filed herewith the Settlement

7    Agreement, the Settlement Agreement shall control.

8          In support hereof, the Trustee respectfully represents as follows:

9    **I.**

10    **FACTUAL SUMMARY**

11        1.    The Trustee is the duly appointed, qualified and acting Chapter 7 Trustee of the

12    bankruptcy estate of *In re Sector111, LLC* ("Sector111" or "Debtor"), created in the present

13    Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Central

14    District of California, Riverside Division, which is styled *In re Sector111, LLC*, bearing Case No.

15    6:16-bk-19532-WJ ("Bankruptcy Case").

16        2.    On or about October 27, 2016, ("Petition Date"), the Debtor, Sector111, LLC,

17    commenced the Bankruptcy Case by filing a voluntary Chapter 11 Petition.  Thereafter, on

18    January 26, 2017, the Debtor's bankruptcy case was converted to one under Chapter 7.

19        3.    The Trustee was thereafter appointed as the Chapter 7 Trustee to administer the

20    Debtor's bankruptcy estate.

21        4.    Hoiles asserts that he is the lawful owner of the Draken Spyder Chassis #3

22    ("Chassis #3") currently in the possession of the Trustee.

23        5.    Hoiles had paid the Debtor, pre-petition the full price of $130,000 for the Chassis

24    #3.

25        6.    As a result of the Debtor's Bankruptcy filing, all interests for the Chassis #3 has

26    become property of the Debtor's bankruptcy estate.

27        7.    The Chapter 7 Trustee on behalf of the Debtor's bankruptcy estate and Hoiles

28    have agreed to compromise and settle any and all claims related to the Chassis # 3 pursuant

1  to the February 2018 Settlement Agreement.

2      8.      The Parties have agreed in principal to settle any and all claims whereby Hoiles

3  shall pay the Debtor's bankruptcy estate a total of $15,000 (Fifteen Thousand Dollars) as

4  specifically provided herein on account of any and all claims held by the Chapter 7 Trustee

5  against Hoiles related to the Chassis #3 under the February 2018 Settlement Agreement.

6                                             **II.**

7                      **SUMMARY TERMS OF THE SETTLEMENT AGREEMENT**

8      1.      As more accurately detailed in the Settlement Agreement between Hoiles and

9  Chapter 7 Trustee, Karl T. Anderson, the salient terms of the compromise are the following:

10     A.      **Settlement Payment and Requirement of Court Approval**. In consideration for

11  the promises made in this Agreement, the following terms and conditions apply to the Parties

12  compromise and settlement in relation to the obligations and duties under the February 2018

13  Settlement Agreement. The terms are as follows:

14         1.      Upon entry of a final order of the United States Bankruptcy Court approving the
              Settlement Agreement and receipt of the Settlement Amount the Trustee shall turnover
15         Chassis #3 to Hoiles along with all title documents and such other documents which the
              Trustee may have or can obtain from the Debtor relating to the construction of and title to
16         said Chassis #3 including but not limited to title documents, bills of sale and/or warranty
              documents from third parties for Chassis #3 and all of its component parts
17         ("Documentation");

18         2.      Trustee shall permit Hoiles to inspect Chassis #3 before taking possession of
              Chassis #3. If the Chassis is not in a condition acceptable to Hoiles then Hoiles may refuse
19         to take possession of it and shall be relieved any of the obligations under the Settlement
              Agreement specifically including but not limited payment of the Settlement Amount. In the
20         event that the inspection takes place before the time of delivery of possession of Chassis
              #3 the Trustee shall maintain Chassis #3 in at least as good a condition as when Hoiles
21         inspected Chassis #3. If the condition has materially changed from the date of inspection
              to the date of delivery of possession then, at Hoiles' absolute discretion, Hoiles may decline
22         to take possession and shall be entitled to the refund of the Settlement Agreement. Hoiles
              shall be solely responsible for the transportation and cost of transportation of Chassis #3
23         from the Trustee. Trustee and his agents shall reasonable cooperate with Hoiles and his
              agents in the delivery and transportation of Chassis #3;
24
           3.      Upon receipt of Chassis #3 and all Documentation referenced above Hoiles will
25         withdraw and waive any and all Proofs of Claim Hoiles may have or other claims which
              Hoiles could assert against the Estate;
26
           4.      Upon entry of a final order of the United States Bankruptcy Court, Hoiles shall pay
27         to Karl T. Anderson, Trustee for the Estate the sum of $15,000 ("Settlement Amount");

28         5.      Hoiles shall be responsible to make arrangements for the collection and transport
              of Chassis #3 from the possession of the Trustee;

6.    Except as specifically provided herein, each of the parties hereto hereby releases and forever discharges and covenants not to sue the other and each of its partners, officers, agents, employees, representatives, attorneys, principals, predecessors, successors, beneficiaries, assigns and each of them only from any and all obligations, liabilities, demand, claims, costs, expenses, debts, controversies, damages, actions, and causes of action known or unknown, which exist on the date of this Agreement. With respect to the release of unknown claims, both parties expressly waive the provisions of Civil Code § 1542 which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

7.    Except as provided herein, Hoiles expressly agrees that, as to the Estate only, he shall take Chassis #3 "as is, whereas without warranties, express, implied or provided by law". This section shall not apply to any warranties, express or implied which could be asserted against third parties;

8.    This Settlement Agreement is subject to the express approval of the United States Bankruptcy Court. The Trustee and his counsel will handle obtaining the requested Court approval of this Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. All funds paid by Hoiles pursuant to this Settlement Agreement shall be held in the Trustee's Trust Account pending entry of a final and non-appealable entered Order approving this Settlement Agreement. The Trustee anticipates entry of the Order on or about March 15, 2018;

B.    **Payment Instructions**. Hoiles shall expressly and fully comply with the Payment Instructions provided herein:

1.    The $15,000 payment shall be paid by either a cashier's check or wire transfer drawn on a bank located in the United States and subject to supervision of the Federal Deposit Insurance Corporation;

2.    The Payment shall be sent and/or delivered to the Chapter 7 Trustee's counsel, Thomas J. Polis, Esq., Polis & Associates at 19800 MacArthur Blvd., Suite 1000, Irvine, California 92612;

C.    **Good Faith Performance**. The Parties hereto agree to perform their obligations herein in good faith and to cooperate with each other to facilitate the implementation of all terms and covenants in the Settlement Agreement;

///

///

///

///

///

1                                        III.

2     **BENEFITS OF THE PROPOSED SETTLEMENT AGREEMENT TO THE DEBTORS'**

3                           **BANKRUPTCY ESTATE**

4          The Trustee believes the proposed settlement as evidenced by the Settlement

5     Agreement is in the best interest of the Debtor's bankruptcy estate, and is the most expedient

6     and cost effective method for resolving the above-referenced controversy in that it will avoid

7     costly litigation. The expenses incurred in fully litigating the bankruptcy estate's claims would

8     most likely exceed any additional benefit the estate may achieve from prosecuting any claims

9     asserted against the estate.

10                                       IV.

11    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

12                        **OF SETTLEMENT AGREEMENT**

13    A.    APPROVAL OF COMPROMISE WITHOUT A HEARING IS PROPER

14         Local Bankruptcy Rule 9013 provides:

15                   *"(a) Matters That May Be Determined Upon Notice and
                     Opportunity to Request Hearing.* (OPTIONAL
16                   PROCEDURE).

17                   *Upon not less than 15 days notice to such creditors and
                     interested parties who are entitled to notice of the
18                   particular matter, orders may be obtained on the
                     following types of motions without a hearing unless one
19                   is specifically requested by filing and serving a written
                     response that complies with Local Bankruptcy Rule
20                   9013-1(1)(g) and request for hearing within fifteen (15)
                     days of service of the date of the notice ...

21
                     (xiv) Other motions. The Court may determine other
22                   motions using this procedure provided that the motion
                     specifies why this procedure is appropriate under 11
23                   U.S.C. Section 102(1)(B) given the facts of the case."
                     (Emphasis added.)
24
           11 U.S.C. Section 102(1)(B) provides:
25
                     "'After notice and a hearing,' or a similar phrase -
26
                     (B) authorizes an act without an actual hearing if such
27                   notice is given properly and if-

28                           (I)    such a hearing is not requested timely by
                                    a party in interest; or*

1
2

> *(ii)    there is insufficient time for a hearing to
> be commenced before such act must be
> done, and the court authorizes such act;"*

3       The Trustee believes Rule 9013 of the Local Bankruptcy Rules of the United States

4   Bankruptcy Court for the Central District of California provides an expeditious and efficient

5   opportunity and notice for hearing procedure which is appropriate for this *Motion to Authorize*

6   *Settlement Agreement.* The procedure will save the estate the fees and costs associated with

7   conducting a hearing on approval of the settlement agreements which Trustee anticipates will

8   not be opposed.

9   **B.    UPON APPROVAL BY THE COURT, A TRUSTEE MAY COMPROMISE A CLAIM OF THE DEBTOR'S**
        **BANKRUPTCY ESTATE**

10

11      Bankruptcy Rule 9019(a) provides:

12          *"On motion by the Trustee and after notice and a hearing, the
            court may approve a compromise or settlement. Notice shall be*
13          *given to creditors, the United States Trustee, the debtor, and
            indenture trustees as provided in Rule 2002 and to any other*
14          *entity as the court may direct."*

15      Thus, upon notice to the Debtor's creditors, the United States Trustee, Debtor, and

16   indenture trustees, Trustee may compromise a claim of the estate.

17   **C.    THE BANKRUPTCY COURT MAY APPROVE A COMPROMISE WHICH IS FAIR AND EQUITABLE**

18      The purpose of a compromise and settlement between a trustee and a claimant is to

19   allow the parties to avoid the expenses and burdens associated with litigation. *Martin v. Kane*

20   (*In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied sub mon, *Martin*

21   *v Robinson*, 479 U.S. 854 (1986).) The bankruptcy court has great latitude in approving

22   compromise agreements as long as it finds that the compromise is fair and equitable. *Id.* at

23   1382. (*See* also, *Woodson v Fireman's Fund Insurance Company* (*In re Woodson*, 839 F.2d

24   610, 620 (9th cir. 1988).) In determining the fairness, reasonableness and adequacy of a

25   proposed settlement agreement, the Court must consider the following factors:

26          (a)    the probability of success in the litigation;

27          (b)    the difficulties, if any, to be encountered in the matter of collection;

28          (c)    the complexity of the litigation involved, and the expense,

                inconvenience, and delay necessarily attending it;

1         (d)     the paramount interests of the creditors and a proper deference

2                to their reasonable views in the premises.

3 (*In re A & C Properties*, 784 F.2d 1381; *In re Woodson*, 839 F.2d 620.) In other words, the

4 Court must weigh certain factors in order to determine whether the compromise is in the best

5 interests of the bankruptcy estate. *In re A & C Properties*, 784 F.2d 1382.

6        The Trustee, after discussion with his counsel and reviewing all the relevant facts, has

7 determined that the settlement is fair and reasonable under the relevant circumstances. Thus,

8 the Trustee believes the proposed global settlement is in the best interests of the estate.

9        The interests of the creditors would best be served if this Court were to approve the

10 Settlement Agreement between Hoiles and the Chapter 7 Trustee Karl T. Anderson, as set forth

11 above, in that the Settlement Agreement will avoid costly litigation which is not likely to result

12 in a judgment net of additional estimated attorneys fees in an amount greater than that

13 proposed in the Settlement Agreement.

14 V.

15 **CONCLUSION**

16        Based on the foregoing, the Trustee respectfully requests that he be authorized to settle

17 and compromise the above-referenced matter under the terms and conditions set forth in the

18 Settlement Agreement between the Trustee and Hoiles, and for such other and further relief as

19 this Court deems just and proper.

20

21 **DATED: February 28, 2018**          **POLIS & ASSOCIATES**
                                 **A PROFESSIONAL LAW CORPORATION**

22

                           By:    **/s/ Thomas J. Polis**

23                               **Thomas J. Polis, Esq.**
                              **Counsel for Chapter 7 Trustee,**

24                               **Karl T. Anderson**

25

26

27

28

**DECLARATION OF KARL T. ANDERSON**

I, Karl T. Anderson, declare as follows:

1.    I am the Chapter 7 Trustee of the bankruptcy estate of *In re Section111, LLC*, Case No. 6:16-bk-19532-WJ ("Debtor"). I make this Declaration in support of the *Chapter 7 Trustee's Motion for Order Authorizing Trustee's Compromise and Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure*. If compelled to do so, I could competently to testify to the following on my own personal knowledge, information and belief.

2.    On or about October 27, 2016, ("Petition Date"), the Debtor Sector111, LLC commenced a Bankruptcy Case by filing a voluntary Chapter 11 Petition. Thereafter, on or about January 26, 2017, its case was converted to a Chapter 7 bankruptcy case.

3.    I was thereafter appointed as the Chapter 7 Trustee to administer the Debtor's bankruptcy estate.

4.    After discussing with my counsel, it is clear that a consensual resolution of this matter whereby the Debtor's bankruptcy estate is paid $15,000 from Hoiles pursuant to the Settlement Agreement is the best result for the Debtor's bankruptcy estate.

5.    I believe that due to the costly and uncertain  nature of the litigation,  the proposed Settlement Agreement is the most economical and expeditious resolution of my claims against Hoiles.  A true and correct copy of the unsigned (when fully executed that version will be filed) Settlement Agreement and Mutual General Release is attached hereto as Exhibit "A".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  _28th_ day of February, 2018, at Palm Springs, California.

_Karl T Anderson_
_____
**Karl T. Anderson**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE'S COMPROMISE AND SETTLEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; DECLARATION OF CHAPTER 7 TRUSTEE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 28, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Karl T Anderson (TR)  - edansie@hotmail.com, kanderson@ecf.epiqsystems.com
- Beth Gaschen - bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com; lgauthier@lwgfllp.com;
- Michael J Bujold -  Michael.J.Bujold@usdoj.gov
- Franklin C Adams - franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com
- Ashley R Wedding - awedding@fabozzimillerlaw.com, dsandoval@fabozzimillerlaw.com
- United States Trustee (RS)  -  ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**2. SERVED BY U.S. MAIL:**
On **February 28, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Honorable Wayne Johnson, United States Bankruptcy Court, Central District of California, 3420 Twelfth Street, Suite 384, Riverside, CA  92501

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL,  FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 28, 2018 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

MtnSette 021318.wpd                                                                                                         9

# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Settlement Agreement"), is made and entered into by and between KARL T. ANDERSON, CHAPTER 7 TRUSTEE, (hereinafter referred to as "Trustee") and TIMOTHY C. HOILES Trust of 1995, Timothy C. Hoiles, Trustee (hereinafter referred to as "Hoiles"). All of the above are hereinafter sometimes collectively referred to as the "Parties". This Settlement Agreement relates to the bankruptcy estate of SECTOR111, LLC (Debtor) , bankruptcy case number 6:16-bk-19532-WJ (the "Estate").

1.  RECITALS

    1.1    On or about October 27, 2016, Debtor filed for bankruptcy protection under Chapter 11. Thereafter, on January 26, 2017 the Debtor's bankruptcy case was converted to one under Chapter 7. Karl T. Anderson was thereafter appointed the estate's Chapter 7 Trustee.

    1.2    Hoiles asserts that he, rather than the debtor or the bankruptcy estate,  is the lawful owner of the Draken Spyder Chassis #3 (Chassis #3) currently in the possession of the Trustee. Hoiles bases his assertion upon the California Uniform Commercial Code section 2401 and the following facts:

        (a)    Hoiles has paid the full contract price for Chassis #3 as well as all additional sums required for customization of Chassis #3 in the sum of not less the $130,000.00.

        (b)    The terms and conditions of the sale agreement between Hoiles and the Debtor provide that the ownership will pass to Hoiles upon receipt of full payment.

        (c)    Notwithstanding that Hoiles has made demand for the turnover of Chassis #3 the Trustee has not done so.

    1.3    Without admitting liability, the Parties wish to resolve their dispute by entering into this Settlement Agreement as more fully set forth below.

2.  AGREEMENT

    2.1    Upon entry of a final order of the United States Bankruptcy Court approving this Settlement Agreement and receipt of the Settlement Amount the Trustee shall turnover Chassis #3 to Hoiles along with all title documents and such other documents which the Trustee may have or can obtain from the Debtor relating to the construction of and title to said Chassis #3 including but not limited to title documents, bills of sale and /or warranty documents from third parties for  Chassis #3 and all of its component parts (hereinafter "Documentation").

     2.2    Trustee shall permit Hoiles to inspect Chassis #3 before taking possession of Chassis #3. If the Chassis is not in a condition acceptable to Hoiles then Hoiles may refuse to take possession of it and shall be relieved any of the obligations under this Settlement Agreement specifically including but not limited payment of the Settlement Amount. In the event that the inspection takes place before the time of delivery of possession of Chassis #3 the Trustee shall maintain Chassis #3 in at least as good a condition as when Hoiles inspected Chassis #3. If the condition has materially changed from the date of inspection to the date of delivery of possession then, at Hoiles' absolute discretion, Hoiles may decline to take possession and shall be entitled to the refund of the Settlement Amount. Hoiles shall be solely responsible for the transportation and cost of transportation of Chassis #3 from the Trustee. Trustee and his agents shall reasonably cooperate with Hoiles and his agents in the delivery and transportation of Chassis #3.

     2.3    Upon receipt of Chassis #3 and all Documentation referenced above Hoiles will withdraw and waive any and all Proofs of Claim Hoiles may have or other claims which Hoiles could assert against the Estate.

     2.4    Upon entry of a final order of the United States Bankruptcy Court, Hoiles shall pay to Karl T. Anderson, Trustee for the Estate the sum of $15,000.00 (the "Settlement Amount").

     2.5    Hoiles shall be responsible to make arrangements for the collection and transport of Chassis #3 from the possession of the Trustee..

     2.6    Except as specifically provided herein, each of the parties hereto hereby releases and forever discharges and covenants not to sue the other and each of its partners, officers, agents, employees, representatives, attorneys, principals, predecessors, successors, beneficiaries, assigns, and each of them only, from any and all obligations, liabilities, demands, claims, costs, expenses, debts, controversies, damages, actions, and causes of action known or unknown, which exist on the date of this Agreement. With respect to the release of unknown claims, both parties expressly waive the provisions of Civil Code § 1542 which states:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

     2.7    Except as provided herein, Hoiles expressly agrees that, as to the Estate only, he shall take Chassis #3 "as is, whereas without warranties, express, implied or provided by law". This section shall not apply to any warranties, express or implied which could be asserted against third parties.

3.    MISCELLANEOUS

3.1    GOOD FAITH PERFORMANCE. The Parties hereto agree to perform their obligations herein in good faith and to cooperate with each other to facilitate the implementation of all terms and covenants in this Agreement.

3.2    AGREEMENT NOT TO BE CONSTRUED AS ADMISSION. This Agreement as entered into by the Parties is solely for the purpose of compromising and settling the matters in dispute. It does not constitute, nor shall it be construed as, an admission by any of the Parties hereto of the truth or validity of any of the claims referenced in this Agreement.

3.3    APPROVAL OF BANKRUPTCY COURT. This Settlement Agreement shall be effective and binding only upon its execution by all of the Parties and upon the entry of a final order of the United States Bankruptcy Court authorizing the Trustee to consummate it.

3.4    PAYMENT OF COSTS, EXPENSES AND FEES. All costs, expenses and attorney's fees incurred by a party hereto in completing this Agreement or in relation to the matters settled herein shall be borne by such party by itself.

3.5    ENTIRE AGREEMENT. This Agreement is the final and entire agreement among the Parties concerning the subject matter of this Agreement. All agreements of the Parties with respect to the subject matter hereof are in writing and supersede all prior written and oral agreements and understandings of the Parties. This Agreement cannot be modified except by a written document signed by the Parties affected by the modification. None of the Parties is relying upon any other negotiations, discussions, representations, warranties (except any warranties by representatives of parties regarding authority to enter into this agreement), promises or agreements in connection with the subject matter of this Agreement. No supplements or modifications or waivers or terminations of this Agreement shall be binding unless executed in writing by the all of the Parties. This is a fully integrated agreement.

3.6    BINDING ON SUCCESSORS. All of the terms and provisions of this Agreement shall be binding upon or shall inure to the benefit of the Parties, their assigns, heirs, trustees, administrators, executors, estates or successors.

3.7    HEADINGS. The headings contained in this Agreement have been inserted for convenience only and in no way define or limit the scope or interpretation of this Agreement.

3.8    WAIVER. Any party hereto may waive any breach of this Agreement by another party, but such waiver shall not constitute a continuing waiver of similar or other breaches and shall be effective only against the party giving the waiver. A waiving party may at any time, upon notice given in writing to the breaching party, direct future compliance with the waived term or terms of this Agreement, in which event the breaching party shall comply as directed from such time forward. All remedies, rights, undertakings, obligations and agreements contained in this Agreement shall be cumulative and not mutually exclusive.

3.9    COUNTERPARTS / FACSIMILE SIGNATURE. This Agreement may be executed in any number of counterparts each of which shall be deemed an original, but all of which taken together shall constitute one agreement. An electronic signature or a copy of an original signature transmitted by electronic mail shall be as valid as the original signature.

- 3 -

3.10   NEGOTIATED AGREEMENT. The drafting and negotiation of this Agreement have been participated in by each of the parties hereto and, for all purposes, this Agreement shall be deemed to have been drafted jointly by the Parties and is not to be construed against any party drafting it by reason of being drafted by the party. The language of this Agreement shall be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties.

3.11   INDEPENDENT COUNSEL. The Parties do hereby acknowledge and agree that they have been represented by, or have had the opportunity to seek representation by, independent counsel of their own choice throughout all negotiations which preceded the execution of this Agreement.

3.12   GOVERNING LAW. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of California applicable to instruments, persons and transactions having legal contacts and relations solely within the State of California and the United States Bankruptcy Code.

3.13   INVALID PROVISION. The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof and, in such instance, this Agreement shall be construed in all respects as if such invalid or unenforceable provision were omitted.

3.14   WARRANTY. It is understood and acknowledged that none of the Parties or their agents, has made any promise, representation, or warranty whatsoever, express or implied, except as expressly set forth herein, to induce the other to execute this Agreement. The Parties acknowledge and agree that they have not executed this Agreement in reliance upon any such promises, representation or warranty not expressly set forth in this Agreement.

3.15   FREE WILL. It is understood and acknowledged that each of the Parties hereto enters this Agreement of his own free will, and no threats, coercion, or duress have been employed to induce any of the Parties hereto to execute this Agreement.

3.16   TAX CONSEQUENCES. The Parties agree that the determination of the tax consequences, if any, from this Agreement is the sole responsibility of each respective party.

3.17   CONTINUING JURISDICTION OF COURT. The Parties stipulate that the United States Bankruptcy Court for the Central District of California shall continue to have jurisdiction to enforce or declare rights under this Agreement. If for any reason the United States Bankruptcy Court lacks jurisdiction or declines to exercise jurisdiction then the rights under this Agreement may be declared or enforced by another court of competent jurisdiction located in the State of California.

3.18   SEVERABILITY. If any portion of this Agreement is declared by a court of competent jurisdiction to be invalid, illegal, unconstitutional or unenforceable, such portion shall be deemed severed from this Agreement and the remaining parts shall remain in full force and effect as if no invalid or unenforceable provisions had been part of this Agreement.

- 4 -

3.19    SURVIVABILITY OF COVENANTS. All representations and agreements set forth in this Agreement shall be deemed continuing and shall survive the execution date of this Agreement.

3.20    COVENANT TO TAKE FURTHER NECESSARY ACTIONS. The Parties hereby agree to execute such other documents and to take such other action as may be reasonably necessary to further the purpose of this Agreement with the Parties to bear their own respective costs and attorneys' fees for these additional actions.

NOTICE Any notices required under the terms of this Agreement shall be given by overnight mail by any reputable carrier or United States mail, first class, postage prepaid as follows:

To: Karl T. Anderson, Chapter 7 Trustee, 340 South Farrell Drive, Suite A210 Palm Springs, CA 92262;

To Chapter 7 Trustee's Counsel: Thomas J Polis, Polis & Associates, APLC, 19800 MacArthur Blvd, Suite 1000, Irvine, CA 92612-2433;

To: Timothy C. Hoiles, c/o Susemihl, McDermott & Cowan, P.C., Attn: C. David McDermott, 660 Southpointe Court, Suite 210, Colorado Springs, CA 80906;

To Counsel for Timothy C. Hoiles: Franklin C. Adams, Best Best & Krieger LLP, P. O. Box 1028, Riverside, CA 92501.

Service shall be deemed to have occurred upon delivery of the notice to the appropriate individual. All Parties agree to notify all other Parties of any change of address within 30 days of such change.

3.21    WARRANTY OF AUTHORIZATION. Any person executing this Agreement on behalf of any party does hereby personally represent and warrant to the other Parties that he or she has the authority to execute this Agreement on behalf of, and to fully bind, such party.

3.22    NO ASSIGNMENT OF CLAIM. The Parties represent and warrant that they have not sold, assigned or transferred, or purported to sell, assign or transfer, and shall not hereafter sell, assign or transfer, any obligations, liabilities, demands, claims, costs, expenses, debts, controversies, damages, rights, actions, or causes of action released pursuant to this Agreement. The Parties also agree to defend, indemnify and hold one another harmless against any obligation, liability, demand, claim, cost, expense (including but not limited to attorneys' fees incurred), debt, controversy, damage, action or cause of action based on, arising out of or in connection with any such sale, transfer or assignment or purported sale, transfer or assignment.

4.    EXECUTION

4.1    This Agreement shall not be enforceable unless executed by all Parties.

- 5 -

     4.2    IN WITNESS WHEREOF, the Parties have caused this Agreement to be entered into and signed their respective names hereon. THE UNDERSIGNED HAVE READ THIS SETTLEMENT AGREEMENT AND AGREE TO ITS TERMS.

     4.3    SIGNATORIES Those signing this agreement on behalf of an entity that is not a natural person warrant that they have authority to sign for the entity on whose behalf they sign this Agreement.

    TIME FOR PERFORMANCE Time is of the essence in this Settlement Agreement.

| Dated: _____, 2018 | |
|---|---|
| | KARL T. ANDERSON,<br>Chapter 7 Trustee, |
| Dated: _1-29_____, 2018 | THE TIMOTHY C. HOILES Trust of 1995 by<br>Timothy C. Hoiles, Trustee |

APPROVED AS TO FORM AND CONTENT.

| Dated: _____, 2018 | POLIS & ASSOCIATES |
|---|---|
| | By_____<br>Thomas J. Polis<br>Attorney for Karl T. Anderson<br>Chapter 7 Trustee |
| Dated: _1-29____, 2018 | BEST BEST & KRIEGER LLP<br><br>By_____<br>Franklin C. Adams<br>Attorney for the Timothy C. Hoiles Trust of<br>1995 |

# EXHIBIT B

1    Thomas J. Polis, Esq. – SBN 119326
     POLIS & ASSOCIATES
2    A PROFESSIONAL LAW CORPORATION
     19800 MacArthur Boulevard, Suite 1000
3    Irvine, California 92612-2433
     Telephone:  (949) 862-0040
4    Facsimile:   (949) 862-0041
     Email: tom@polis-law.com
5
     General Counsel for Karl T. Anderson, Chapter 7 Trustee
6

FILED & ENTERED

MAR 26 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch      DEPUTY CLERK

7

8                  UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         RIVERSIDE DIVISION

11

12   In re:                              Case No.  6:16-bk-19532-WJ

13   SECTOR111 LLC, a Delaware limited   CHAPTER 7
     liability company, aka Kappasphere, a
14   division of Section 111, LLC,       **ORDER RE: CHAPTER 7 TRUSTEE'S
                                         MOTION AUTHORIZING COMPROMISE
15                          Debtor.      AND SETTLEMENT PURSUANT TO RULE
                                         9019 OF THE FEDERAL RULES OF
16                                       BANKRUPTCY PRODECURE**

17                                       **[No Hearing Scheduled Pursuant to Local
18                                       Bankruptcy Rule 9013]**

19

20

21

22

23

24

25

26

27

28

**ORDER RE: APPLICATION FOR EMPLOYMENT OF THOMAS J. POLIS, POLIS & ASSOCIATES**

1       Karl T. Anderson ("Trustee"), the chapter 7 trustee for the bankruptcy estate of Sector111 ,

2 filed a motion to approve a compromise entitled "Chapter 7 Trustee's Motion for Order Authorizing

3 Trustee's Compromise and Settlement Pursuant to Section 9019 of the Federal Rules of Bankruptcy

4 Procedure; Declaration of Chapter 7 Trustee in Support Thereof" ("Motion") [docket #76] in this

5 case.  No one filed any opposition to the Motion and the deadline to do so has passed.  Therefore,

6 good cause appearing, the Court hereby ORDERS:

7      1.   The Motion is granted.

8                  ###

Date: March 26, 2018

Wayne Johnson
United States Bankruptcy Judge

**ORDER RE: APPLICATION FOR EMPLOYMENT OF THOMAS J. POLIS, POLIS & ASSOCIATES**

# EXHIBIT C

1  EDWARD J. MILLER (SB#244091)
   ASHLEY R. WEDDING (SB#284042)
2  Fabozzi & Miller, APC
   41911 Fifth Street, Suite 200
3  Temecula, CA  92590
   951/296-1775- Telephone
4  951/296-1776- Facsimile
   2999
5

6  Attorney for Forum Capital, LLC

7

8             UNITED STATES BANKRUPTCY COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                 RIVERSIDE DIVISION

11

12  In re:                          )   CASE NO:   6:16-bk-19532
                                     )
13                                   )   CHAPTER 7
     SECTOR111, LLC,                 )
14                                   )
      Debtor and Debtor in Possession.  )   **STIPULATION FOR RELIEF**
15                                   )   **FROM THE AUTOMATIC STAY**
                                     )   **UNDER 11 U.S.C. § 362 (REAL**
16                                   )   **PROPERTY)**
                                     )
17  ─────────────────────────────   )   [No Hearing Required]

18       This Stipulation for Relief from the Automatic Stay Under 11 U.S.C. § 362

19  (Real Property) (the "Stipulation") is entered into by CHAPTER 7 TRUSTEE Karl

20  Anderson ("Trustee"), FORUM CAPITAL, LLC ("Landlord"), and Debtor Sector111,

21  LLC ("Debtor"),who hereby stipulate as follows:

22                         **RECITALS**

23       A.    On October 27, 2016 ("Petition Date") Debtor Commenced Chapter 11

24  Bankruptcy Proceedings and remained as Debtor-In-Possession until the case was

25  converted to one under Chapter 7 on February 16, 2017.  The Court appointed Trustee

26  on February 16, 2017.

27       B.    Prior to the Petition Date, Debtor entered into a Lease on or about

28  December 18, 2015, for non-residential real property commonly known as 26661

─────────────────────────────────────────────
                    1                    Stipulation re Relief from Stay
                                              (Real Property)

1   Pierce Cir., in Murrieta, California ("Subject Property").  The Lease has a remaining

2   term of nineteen (19) years.

3           C.      S. Mapleton Holdings, LLC, assigned all of its right, title and interest in

4   the Lease to Landlord.

5           D.      Pursuant to the terms of the Lease, Rent came due on February 1, 2017,

6   and remains unpaid.  Additional rent came due on March 1, 2017, and as of the date of

7   this Stipulation, remains unpaid.

8           BASED UPON THE FOREGOING IT IS HEREBY STIPULATED BY THE

9   PARTIES AS FOLLOWS:

10                              **AGREEMENT**

11          1.      Immediately upon entry of an Order approving this Stipulation, Forum

12  Capital as Landlord shall have relief from the automatic stay under 11 U.S.C. §362 to

13  enforce its remedies against the Subject Property, including but not limited to

14  proceeding under non-bankruptcy laws to evict Debtor, its tenants, agents and

15  employees, without further Order of this Court.

16          2.      That the Order for Relief include an annulment of the stay so that the

17  filing of the bankruptcy petition does not affect any post-petition acts.

18          3.      That the Order for Relief be binding and effective despite any

19  conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy

20  Code.

21          4.      That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be

22  waived.

23          5.      That the Court retain exclusive jurisdiction over this Stipulation and the

24  issues raised herein.

25          6.      That this Stipulation may be executed in counterparts, and all such

26  executed counterparts when taken together shall constitute an original of one and the

27  same document.  Counterparts may be transmitted by facsimile, electronic mail or

28  other electronic means.

1       7.    Debtor, its agents and employees, if any, shall not remove any fixtures

2  and/or damage the Subject Property. Debtor shall maintain the Subject Property in

3  broom-cleaned condition.

4       8.    Chapter 7 Trustee, Karl T. Anderson will store any personal property from

5  the Subject Property at an offsite location.  Information regarding the storage of any

6  personal property will be provided.

7       9.    At all times Debtor shall cooperate with Landlord in regards to the

8  Property.

9  **SO STIPULATED.**

10                           POLIS & ASSOCIATES

11  Dated: 4/6, 2017

                                THOMAS J. POLIS, Attorney for

12                           KARL T. ANDERSON, Chapter 7 Trustee

13  Dated: 4/7, 2017

14                           SECTOR 111, LLC

                               By:

15                           Its: MEMBER

16                           FORUM CAPITAL, LLC

17  Dated: _____, 2017

                               By:

18                           Its:

19

20

21  APPROVED AS TO FORM:

22  FABOZZI & MILLER, APC

    By:

23    ASHLEY R. WEDDING, Attorney
    for FORUM CAPITAL LLC

24

25

26

27

28

Stipulation re Relief from Stay
(Real Property)

1      7.     Debtor, its agents and employees, if any, shall not remove any fixtures

2 and/or damage the Subject Property. Debtor shall maintain the Subject Property in

3 broom-cleaned condition.

4      8.     Chapter 7 Trustee, Karl T. Anderson will store any personal property from

5 the Subject Property at an offsite location. Information regarding the storage of any

6 personal property will be provided.

7      9.     At all times Debtor shall cooperate with Landlord in regards to the

8 Property.

9 **SO STIPULATED.**

POLIS & ASSOCIATES

10

11 Dated: 4/6 , 2017

12 THOMAS J. POLIS, Attorney for
KARL T. ANDERSON, Chapter 7 Trustee

13

Dated: _____, 2017     SECTOR 111, LLC

14

15 By: _____
Its: _____

16 FORUM CAPITAL, LLC

17 Dated: 4/7 , 2017     By: _____ RICHARD W. NORDEEN
Its: DIRECTOR

18

19

20 APPROVED AS TO FORM:

21 FABOZZI & MILLER, APC

22 By: _____

23 ASHLEY R. WEDDING, Attorney
for FORUM CAPITAL LLC

24

25

26

27

28

---

3

Stipulation re Relief from Stay
(Real Property)

# EXHIBIT D

FILED & ENTERED

APR 10 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch      DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:                                          Case No. 6:16-bk-19532

SECTOR 111, LLC,                                CHAPTER 7

                         Debtor.                **ORDER GRANTING STIPULATION RE
                                                RELIEF FROM THE AUTOMATIC STAY
                                                UNDER 11 U.S.C. § 362 (REAL
                                                PROPERTY)**

        The Court has reviewed the "Stipulation for Relief from the Automatic Stay Under

11 U.S.C. § 362 (Real Property)" entered into by Karl Anderson, chapter 7 trustee for the

bankruptcy estate of Sector 111, LLC ("Trustee"), Forum Capital, LLC ("Landlord"), and the

debtor Sector111, LLC ("Debtor") [docket number 66], and good cause appearing, it is hereby

ORDERED:

        1.      The Landlord shall have relief from the automatic stay under 11 U.S.C. §362 to

enforce its remedies against the subject property, including but not limited to proceeding under

non-bankruptcy laws to evict the Debtor, its tenants, agents and employees, without further order

of this Court.

        2.      This order is binding and effective despite any conversion of this bankruptcy case

to a case under any other chapter of the Bankruptcy Code.

3.      The 14-day stay described by Bankruptcy Rule 4001(a)(3) is waived.

4.      The Court retains exclusive jurisdiction over the stipulation.

###

Date: April 10, 2017

Wayne Johnson
United States Bankruptcy Judge

2

# EXHIBIT E

## STATUTORY NOTICE TO PERSON OTHER THAN FORMER COMMERCIAL
## TENANT OF RIGHT TO RECLAIM ABANDONED PROPERTY
## (Civil Code § 1993.05)

TO:   Karl T. Anderson, Bankruptcy Trustee
      340 South Farrell Drive, Suite A210
      Palm Springs, California 92262

        When Sector111, LLC vacated the premises at 26661 Pierce Circle, Murrieta,
California 92562, the following personal property remained:

        Office desks/chairs
        Computers
        Records
        Mobile cart racking
        Miscellaneous wheels, brake rotors, brake pads
        Exhaust System ·
        Sway Bars
        Miscellaneous Engine oils/lubricants
        Lotus Mud Flaps
        Alfa Romeo 4c Racing Tow Hooks
        BAC Mono Posters
        Lotus Elise track car (rolling only - not driveable)
        Partially built Drakan (rolling only - not driveable)
        Other miscellaneous inventory/items

        You may claim this property at 41605 Elm Street, Murrieta, CA 92562, or by
contacting the undersigned. Unless you pay the reasonable cost of storage for all the
above-described property, and take possession of the property which you claim, not later
than May __26__, 2017, this property may be disposed of pursuant to Civil Code § 1993.07.

Dated: May __8__, 2017                FORUM CAPITAL, LLC

                                      Richard W. Nordeen, Director
                                      5990 Cartier Dr., Reno, NV 89511
                                      (951) 704-5319

## DECLARATION OF SERVICE OF NOTICE

I, the undersigned, declare that I served the Notice indicated below:

## STATUTORY NOTICE TO PERSON OTHER THAN FORMER COMMERCIAL
## TENANT OF RIGHT TO RECLAIM ABANDONED PROPERTY
## (Civil Code § 1993.05)

The above described Notice(s) were served on the following named parties in the manner set forth below:

Karl T. Anderson, Bankruptcy Trustee
340 South Farrell Drive, Suite A210
Palm Springs, California 92262

Sector111, LLC
26661 Pierce Circle
Murrieta, California 92562.

Alan J. Friedman, Esq.
Beth E. Gaschen, Esq.
LOBEL WEILAND GOLDEN
FRIEDMAN LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626

Thomas J. Polis, Esq.
Polis & Associates,
A Professional Law Corp.
19800 MacArthur Blvd. Suite 1000
Irvine, California 92612

By mailing a copy to each of the above named parties by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to each of the above named parties at the address where the property is situated.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed on May _8_, 2017, at Temecula, California.

_Lauren Stiles_
Lauren Stiles

# EXHIBIT F

LLC-12

17-B66892

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**FILED**

In the office of the Secretary of State
of the State of California

**DEC 05, 2017**

**IMPORTANT** — Read instructions before completing this form.

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC.  If you registered in California using an alternate name, see instructions.)

INOKINETIC GROUP, LLC

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 201620010385 | NEVADA |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>25 E. Providencia | Burbank | CA | 91502 |
| b. Mailing Address of LLC, **if different than item 4a**<br>25 E. Providencia | Burbank | CA | 91502 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box<br>25 E. Providencia | Burbank | CA | 91502 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Richard | W. | Nordeen | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 25 E. Providencia | Burbank | CA | 91502 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Richard | | Nordeen | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 25 E. Providencia | Burbank | CA | 91502 |

**CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
Automotive

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Richard | W. | Nordeen | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 25 E. Providencia | Burbank | CA | 91502 |

**9. The Information contained herein, including any attachments, is true and correct.**

| 12/05/2017 | Richard Nordeen | President | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name: ⌐            ⌐

Company:

Address:

City/State/Zip: ⌐            ⌐

# EXHIBIT G





**InoKinetic**

26661 PIERCE CIR, MURRIETA, CA 92562

Presorted STD
U.S. Postage
**PAID**
Permit No. 303
San Diego, CA

INNOVATIVE PRODUCTS
PREMIUM SERVICE
NICHE CARS

*Lotus, Alfa & more*

8-1

**WANT THE BEST PRODUCTS FOR YOUR NICHE CAR?**
*WE DEVELOP & STOCK FANTASTIC PARTS FOR THEM*

**NEED PROPER SERVICE?**
*OUR ASE MASTER MECHANIC HAS BEEN*
*WORKING ON OR BUILDING THEM FOR 5+ YRS*

**DESIRE A PURE SPORTSCAR?**
*THAT'S RIGHT UP OUR ALLEY!  CALL US...*

**********AUTO**MIXED AADC 901
TIMOTHY C HOILES
CLARKART
1483 WOOLSEY HTS
COLORADO SPRINGS CO  80915-5401



PHONE: 951-296-6762
EMAIL: INFO@INOKINETIC.COM
WEBSITE: WWW.INOKINETIC.COM

# EXHIBIT H

99999.96367\5735629.1

# F&M Fabozzi & Miller, APC
### ATTORNEYS AT LAW

DENNIS F. FABOZZI
EDWARD J. MILLER

KITTY A. BAKER
ASHLEY R. WEDDING
KIKI MANTI

Of Counsel:
*WILLIAM J. SARRUS*

WRITER'S EMAIL:

41911 Fifth Street, Suite 200
Temecula, CA 92590

Telephone: (951) 296-1775
Facsimile:  (951) 296-1776

When Replying Refer
to File No.

2999

April 14, 2017

*awedding@fabozzimillerlaw.com*

*Via Email*
Thomas J. Polis
Polis & Associates, A Professional Law Corp.
19800 MacArthur Blvd. Suite 1000
Irvine, CA 92612

> Re:    *In re: Sector111, LLC*
> *Commercial real property common known as:*
> *26661 Pierce Circle, Murrieta ("Premises")*

Dear Mr. Polis:

We appreciate your agreement to the Stipulation for Relief from Stay.   Based on the Court's Order entered on April 10, 2017, our client is taking the necessary steps to regain possession of the Premises.

Pursuant to the terms of the Stipulation, your client, in his capacity as Chapter 7 Trustee, is obligated to store the Debtor's personal property ("property") remaining on the Premises. Said property is immediately available for your agents to pick-up and store. Please make arrangements as soon as possible to take possession of the property. Any further costs incurred by my client will only serve to increase his claim to the Estate.

Please provide our office with the name and contact information for the individual or organization authorized to take possession of the property so our client can directly make arrangements thereafter.

Should you wish to discuss this matter further, please contact me.

Sincerely,

ASHLEY R. WEDDING

cc:   Karl T. Anderson, Trustee (via U.S. Mail)
Client

## Ashley Wedding

| | |
|---|---|
| **From:** | Ashley Wedding |
| **Sent:** | Friday, April 14, 2017 2:04 PM |
| **To:** | 'Tom Polis' |
| **Subject:** | In re: Sector 111, LLC |
| **Attachments:** | Ltr to Polis 4-14-17.pdf |

Dear Tom,

Please see the attached regarding personal property of Sector 111, LLC.  A prompt response is appreciated.

Sincerely,

Ashley R. Wedding, Esq.
Fabozzi & Miller, APC
41911 Fifth Street, Suite 200
Temecula, CA 92590
(951) 296-1775
awedding@fabozzimillerlaw.com
www.fabozzimillerlaw.com

*This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any
dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-
mail in error, please immediately notify me at (951) 296-1775 and permanently delete the original and any copy of any e-mail and
any printout thereof.*

## Ashley Wedding

| | |
|---|---|
| From: | Lauren Stiles |
| Sent: | Tuesday, May 30, 2017 2:11 PM |
| To: | 'Cristina Allen' |
| Subject: | RE: In re Sector111. LLC - Stipulation re Relief from Stay |

Hi Cristina – Ms. Wedding asked that I check with you regarding the Trustee's response to the Notice of Right to Reclaim Abandoned Property, served by mail on May 8, 2017. The deadline to claim the personal property was May 26th and Forum Capital has heard nothing from the Trustee.

Could you let us know if it is the Trustee's intention to abandon the personal property? Our client would like to move the property this week.

Thank you for your assistance!

Lauren Stiles
Certified Paralegal
Fabozzi & Miller, APC
41911 Fifth Street, Suite 200
Temecula, CA 92590
Tel – (951) 296-1775
Fax – (951) 296-1776
www.fabozzimillerlaw.com

This e-mail, and any attachments thereto, is intended only for use by
the addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
e-mail, you are hereby notified that any dissemination, distribution or
copying of this e-mail, and any attachments thereto, is strictly
prohibited. If you have received this e-mail in error, please
immediately notify me at (951) 296-1775 and permanently delete the
original and any copy of any e-mail and any printout thereof

From: Cristina Allen [mailto:paralegal@polis-law.com]
Sent: Monday, May 01, 2017 10:25 AM
To: Lauren Stiles <lstiles@fabozzimillerlaw.com>
Subject: Re: In re Sector111. LLC - Stipulation re Relief from Stay

Hi Lauren,

I'm sorry for not getting back to you. I'll let you know later this morning or afternoon.

Thanks,


Cristina L. Allen
Legal Assistant
POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19800 MacArthur Boulevard, Suite 1000

Irvine, California 92612-2433
Tel: (949) 862-0040
Fax: (949) 862-0041
Email:  paralegal@polis-law.com

This e-mail transmission and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding the message to paralegal@polis-law.com by telephone at (949) 862-0040 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

On Fri, Apr 28, 2017 at 4:24 PM, Lauren Stiles <lstiles@fabozzimillerlaw.com> wrote:

Cristina:

I just wanted to follow up and see if you were able to find out anything regarding the pick up the Sector111 personal property?  I appreciate your help with this matter.

Have a great weekend.

Lauren Stiles

Certified Paralegal

Fabozzi &  Miller, APC

41911 Fifth Street, Suite 200

Temecula, CA 92590

Tel – (951) 296-1775

Fax – (951) 296-1776

www.fabozzimillerlaw.com

This e-mail, and any attachments thereto, is intended only for use by

the addressee(s) named herein and may contain legally privileged and/or

confidential information.  If you are not the intended recipient of this

e-mail, you are hereby notified that any dissemination, distribution or

copying of this e-mail, and any attachments thereto, is strictly

prohibited.  If you have received this e-mail in error, please

immediately notify me at (951) 296-1775 and permanently delete the

original and any copy of any e-mail and any printout thereof.

**From:** Cristina Allen [mailto:paralegal@polis-law.com]
**Sent:** Monday, April 24, 2017 2:39 PM
**To:** Lauren Stiles <lstiles@fabozzimillerlaw.com>
**Subject:** Re: In re Sector111. LLC - Stipulation re Relief from Stay

I'll let you know.

Cristina L. Allen
Legal Assistant
POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Tel: (949) 862-0040
Fax: (949) 862-0041
Email:  paralegal@polis-law.com

This e-mail transmission and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding the message to paralegal@polis-law.com by telephone at (949) 862-0040 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

On Mon, Apr 24, 2017 at 1:17 PM, Lauren Stiles <lstiles@fabozzimillerlaw.com> wrote:

Cristina:

Ms. Wedding asked that I contact you to inquire as to when someone will be coming to pick up the Sector111 personal property, per the terms of the recent stipulation with landlord Forum Capital? If you could look into this, we would greatly appreciate it!

Thank you -

Lauren Stiles

Certified Paralegal

Fabozzi & Miller, APC

41911 Fifth Street, Suite 200

Temecula, CA 92590

Tel – (951) 296-1775

Fax – (951) 296-1776

www.fabozzimillerlaw.com

This e-mail, and any attachments thereto, is intended only for use by

the addressee(s) named herein and may contain legally privileged and/or

confidential information.  If you are not the intended recipient of this

e-mail, you are hereby notified that any dissemination, distribution or

copying of this e-mail, and any attachments thereto, is strictly

prohibited.  If you have received this e-mail in error, please

immediately notify me at (951) 296-1775 and permanently delete the

original and any copy of any e-mail and any printout thereof.

# EXHIBIT I

# F&M Fabozzi & Miller, APC

——— ATTORNEYS AT LAW ———

41911 Fifth Street, Suite 200, Temecula, CA 92590
Telephone: (951) 296-1775 • Facsimile: (951) 296-1776

**EDWARD J. MILLER**
Managing Partner
———
**KITTY A. BAKER**
**ASHLEY R. WEDDING**
**KIKI MANTI**

Of Counsel:
*WILLIAM J. SARRUS*

**WRITER'S EMAIL:**

*awedding@fabozzimillerlaw.com*

**DENNIS F. FABOZZI**
Founding Partner
1952-2017

**When Replying Refer
to File No.**

2999

June 16, 2017

*Via Overnight Mail*
Karl T. Anderson, Bankruptcy Trustee
340 South Farrell Drive, Suite A210
Palm Springs, California 92262

Re:   *In re: Sector111, LLC*
*Commercial real property common known as: 26661 Pierce Circle, Murrieta*

Dear Mr. Anderson:

Pursuant to the Order from Relief from Stay entered by bankruptcy court on April 10, 2017, Forum Capital, LLC regained possession of the property located at 26661 Pierce Circle, Murrieta, California 92562 ("Premises").

Enclosed please find a check in the amount of $1,844.60. We are forwarding these funds to you as Trustee of the Bankruptcy Estate of Sector111, LLC.

Thank you.

Sincerely,

ASHLEY R. WEDDING

cc:  Thomas J. Polis, Esq.
Client

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM.

FORUM CAPITAL LLC

**1030**

16-24/1220 7029
5312818247

DATE  6/7/2017

PAY
TO THE
ORDER OF    KARL J ANDERSON, Bankruptcy Trustee          | $ 1,844.00

One thousand eight hundred forty four & 00/100                    DOLLARS

WELLS
FARGO
Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR

HEAT SENSITIVE

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Timothy C. Hoiles | DEFENDANTS<br>Karl T. Anderson, Chapter 7 Trustee; David Nordeen;<br>Richard Nordeen; InoKinetic Group, LLC; and, Forum<br>Capital LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Best Best & Krieger LLP<br>3390 University Ave., 5th Floor, Riverside, CA 92501<br>(951) 686-1450 | ATTORNEYS (If Known)<br>Thomas J Polis<br>Polis & Associates, APLC |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
To seek monetary and equitable relief under Federal Rule of Bankruptcy Procedure 7001.
(1) Breach of contract; (2) Turnover; and (3) Conversion

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability - §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☒ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ 200,000.00 |
| Other Relief Sought | |


American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Sector111, LLC | BANKRUPTCY CASE NO.<br>6:16-bk-19532-WJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Wayne Johnson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Caroline R. Djang | | |
| DATE<br>June 18, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Caroline R. Djang | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.<br>www.FormsWorkFlow.com